## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

### NOT FOR PUBLICATION

| | |
|---|---|
| GUSTAVO BURGA, | ) |
| Plaintiff, | ) No. 25-490 |
| v. | ) Filed: October 7, 2025 |
| THE UNITED STATES, | ) |
| Defendant. | ) |

_____

## MEMORANDUM OPINION AND ORDER

Plaintiff Gustavo Burga brings this suit against the United States claiming constitutional and human rights violations. Mr. Burga argues that a default judgment entered against him in Georgia state court violated his rights under the Fifth, Sixth, and Fourteenth Amendments, as well as various international treaties. Before the Court is the Government's Motion to Dismiss under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") for lack of subject-matter jurisdiction. For the reasons stated below, the Court **GRANTS** the Motion.

## I.    BACKGROUND

### A.    Factual Background

On December 31, 2022, Peachtree Dialysis Center ("Peachtree") filed a lawsuit against GB Electric Services, LLC ("GB Electric") and Mr. Burga, the owner of GB Electric, in Georgia's Gwinnett County Superior Court. Pl.'s Compl. at 2, ECF No. 1. On January 3, 2023, the owner of Peachtree attempted to notify Mr. Burga of the lawsuit. *Id.* Peachtree later served GB Electric by publishing notice in a local newspaper. *Id.*

At a motions hearing on June 20, 2023, Mr. Burga's attorney contested the use of publication notice, noting that the affidavit of service for the plaintiff's motion for publication

included only GB Electric and did not name Mr. Burga.  Super. Ct. Mot. Hr'g Tr. at 1, 3, ECF No. 1-1.  Furthermore, Mr. Burga's attorney insisted that, if in-person service was not possible, service through the Secretary of State was the sole appropriate alternative.  *Id.* at 6.

Peachtree's attorney stated that Peachtree attempted to serve GB Electric and Mr. Burga four times between January 22 and January 28, 2023, at his home address, which is also GB Electric's registered address.  *Id.* at 3, 10–11.  Peachtree notified Mr. Burga's attorney of the attempts to serve his client and that Mr. Burga had repeatedly declined to accept notice.  *Id.* at 11. Peachtree's counsel explained that Peachtree had filed its motion for publication because one of the GB Electric trucks parked at the registered address had a sticker on it stating that trespassers may be shot; thus, due to safety concerns, counsel determined that serving Mr. Burga in person was not viable.  *Id.* at 12.  Furthermore, Peachtree argued that, under Georgia law, the appropriate remedy for improper service would be to re-serve Mr. Burga, rather than dismiss the case as Mr. Burga's attorney argued.  *Id.* at 9.

The state court ruled that Peachtree was entitled to default judgment against GB Electric but would need to re-serve Mr. Burga as an individual.  *Id.* at 21.  The court noted, though, that "[i]t's obvious . . . that Mr. Burga, as registered agent, was absolutely evading service, and he is on absolute notice that this is pending."  *Id.*  Mr. Burga asserts that the court's actions during the hearing, including the approval of newspaper service and the grant of default judgment against GB Electric, violated his right to a fair trial and due process.  ECF No. 1 at 3.

**B.    Procedural Background**

On March 19, 2025, the Court received Mr. Burga's Complaint.  *See generally* ECF No. 1. Mr. Burga, who is proceeding pro se, asserts an array of allegations against the United States, all of which relate to proceedings in Georgia Superior Court.  *Id.* at 2–3.

2

Mr. Burga alleges that the state judicial proceedings were improper. *Id.* He seeks $1,000,000 to compensate for lost business, stress, and lawyer fees, as well as the dismissal of the state court claim itself. *Id.* at 4. He contends that the Georgia Superior Court violated his constitutional rights under the Fifth, Sixth, and Fourteenth Amendments. *Id.* at 1. He also asserts that the court violated his human rights under Article 14 of the International Covenant on Civil and Political Rights, Article 6 of the European Convention of Human Rights, and Article 10 of the Universal Declaration of Human Rights. *Id.*

On May 20, 2025, the Government filed a Motion to Dismiss for lack of subject-matter jurisdiction under RCFC 12(b)(1) asserting that Mr. Burga failed to allege a waiver of sovereign immunity and that this Court lacks jurisdiction for due process claims and for claims related to violations of international human rights law. Gov't's Mot. to Dismiss at 1, ECF No. 9. It further asserts that this Court lacks jurisdiction over claims against any defendant other than the United States and that federal trial courts lack jurisdiction to review state court judgments. *Id.* at 5–6.

Mr. Burga filed his Response to the Government's Motion to Dismiss on June 16, 2025. Pl.'s Resp. to Gov't's Mot. to Dismiss at 1, ECF No. 11. Mr. Burga argues that the Government's Motion relies on a flawed understanding of his claims and a misapplication of the Tucker Act. *Id.* He also asserts that the Government improperly relies on the *Rooker-Feldman* doctrine. *Id.* Furthermore, Mr. Burga contends that because he seeks monetary damages for constitutional violations, rather than reversal of the state court judgment, his claim is within this Court's jurisdiction. *Id.* at 2. He additionally characterizes the default judgment that the state court entered as a compensable taking under the Fifth Amendment. *Id.* Mr. Burga requests leave to amend his pleading under RCFC 15(a) to clarify the nexus between the state court's actions and the alleged

3

federal constitutional violations as well as to clarify applicable federal funding and statutes. *Id.* at 3.

The Government filed its Reply on June 26, 2025. Gov't's Reply at 1, ECF No. 12. The Government asserts that Mr. Burga has not adequately shown that the United States is the proper defendant for Mr. Burga's claims, that the default judgment entered against him in state court does not constitute a taking under the Fifth Amendment, and that giving Mr. Burga leave to amend his claim would be futile. *Id.* at 1–2.

Following the completion of briefing, Mr. Burga moved for leave to file a surreply, which reiterates his opposition to the Government's Motion and contends that amendment would not be futile. Pl.'s Mot. for Leave to File a Reply, ECF No. 14. Additionally, on July 15, 2025, Mr. Burga filed a Motion for a Jury Trial, asserting that he has a constitutional right under the Seventh Amendment to have his claim heard by a jury. Pl.'s Mot. for Jury Trial at 1, ECF No. 16.

## II.    LEGAL STANDARDS

### A.    Pro Se Litigants

Although the Court liberally construes allegations in pro se complaints, it applies the same jurisdictional requirements to pro se litigants that apply to all litigants. *See Whiting v. United States*, 99 Fed. Cl. 13, 15 (2011) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)); *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("We agree that leniency with respect to mere formalities should be extended to a pro se party . . . . [But] a court may not similarly take a liberal view of that jurisdictional requirement and set a different rule for pro se litigants only."). Plaintiffs have the burden to establish subject-matter jurisdiction, regardless of pro se status. *See Hutchens v. United States*, 89 Fed. Cl. 553, 560–61 (2009).

### B.    Jurisdiction of the Court of Federal Claims

The United States Court of Federal Claims is a court of limited jurisdiction. *Massie v.*

*United States*, 226 F.3d 1318, 1321 (Fed. Cir. 2000).  Before the Court can reach the merits of a plaintiff's claims, it must first assure itself of the existence of subject-matter jurisdiction.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); RCFC 12(b)(1).  If the Court determines that it lacks subject-matter jurisdiction, it must dismiss the claim.  RCFC 12(h)(3).

Pursuant to the Tucker Act, the Court's jurisdiction extends over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1).  The Tucker Act is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages."  *United States v. Testan*, 424 U.S. 392, 398 (1976).

In order to recover damages against the Government, there must be "a substantive right created by some money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States."  *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1554 (Fed. Cir. 1994).  Thus, a plaintiff must identify a distinct money-mandating constitutional provision, statute, regulation, or contract with the United States that would give rise to a damages claim.  *See id.*  Unless the federal government waives its immunity from suit, this Court lacks any authority to grant a plaintiff relief.  *Testan*, 424 U.S. at 399 ("[T]he United States, as sovereign, 'is immune from suit save as it consents to be sued . . . .'" (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941))).  Any such waiver must be explicit and is narrowly construed.  *See id.*; *Sherwood*, 312 U.S. at 590.

### C.     Standard of Review for Rule 12(b)(1) Motion

The Government moves to dismiss Mr. Burga's claims pursuant to RCFC 12(b)(1) for lack of subject-matter jurisdiction.  ECF No. 9 at 1.  When considering a motion to dismiss under RCFC 12(b)(1), the Court must accept as true the facts alleged by the plaintiff and "draw all reasonable

inferences in plaintiff's favor." *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995). As the Court of Federal Claims has jurisdiction solely for claims against the United States, the Court must dismiss a claim, even where a pro se plaintiff names the United States as defendant, if there is an absence of "facts that even remotely suggest that the United States government had any involvement whatsoever" in the conduct alleged by the plaintiff. *Jammer v. United States*, 62 F. App'x 926, 926 (Fed. Cir. 2003) (citation omitted).

## III.    DISCUSSION

Mr. Burga fails to establish that this Court possesses subject-matter jurisdiction over his claim. He has not satisfied his burden to show that the United States is the proper defendant, nor has he properly invoked jurisdiction by asserting a nonfrivolous claim based on a money-mandating source of law. He also fails to establish that granting him leave to file an amended complaint would cure the jurisdictional defects in his claim. Therefore, the Court must grant the Government's Motion to Dismiss pursuant to RCFC 12(b)(1).

### A.    The Court Lacks Jurisdiction over Claims that Challenge State Court Decisions.

Mr. Burga argues that the United States is the proper defendant because he seeks relief for violations of the United States Constitution and the harm he suffered from the state court's actions "stems from systemic judicial errors that implicate federal due process." ECF No. 11 at 2; *see* ECF No. 1 at 2–3. Under the nation's federalist system, state governments and their courts are sovereign and distinct from the federal government. *See* U.S. CONST. amend. XI; *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 751 (2002) ("Dual sovereignty is a defining feature of our Nation's constitutional blueprint."). Because the United States is the sole proper defendant in this Court, "any claims alleged against states, localities, state and local government entities, or state and local government officials and employees" are outside of the Court's jurisdictional authority. *Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014); *see Sherwood*,

312 U.S. at 588 ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court.").

For the United States to be the proper defendant of the claim, the federal government's actions must be the cause of the alleged harm. *See United States v. Mitchell*, 463 U.S. 206, 216–17 (1983). Here, Mr. Burga's claims stem entirely from the actions of a state court judge on the Gwinnett County Superior Court, not from actions of the United States. *See* ECF No. 1 at 1. Thus, the United States is not and cannot be the proper defendant for Mr. Burga's claims.

In his Response, Mr. Burga contends that the *Rooker-Feldman* doctrine does not apply to the Court of Federal Claims, meaning, in his view, that this Court can review his claim stemming from a state court decision. ECF No. 11 at 2. The Government in its Motion to Dismiss does not invoke the *Rooker-Feldman* doctrine, which, as a general matter, bars federal district courts from exercising judicial review over state court judgments. *See Lance v. Dennis*, 546 U.S. 459, 464 (2006). Indeed, although there is precedent holding that the *Rooker-Feldman* doctrine likely applies to this Court, *see Hicks v. United States*, 89 Fed. Cl. 243, 254 (2009), the doctrine's applicability is irrelevant here. This Court independently lacks jurisdiction over all claims against defendants other than the United States, meaning that suits challenging state court actions fall outside the limited jurisdiction granted by the Tucker Act. *See* 28 U.S.C. § 1491; *Sherwood*, 312 U.S. at 588.

**B.    Mr. Burga Fails to Assert Money-Mandating Claims that Invoke the Court's Subject-Matter Jurisdiction.**

Even if the United States were the proper defendant here, Mr. Burga's claims fail to establish subject-matter jurisdiction because, except for the Takings Clause of the Fifth Amendment, the provisions of law he identifies cannot "fairly be interpreted as mandating

compensation by the Federal Government for the damages sustained." *Mitchell*, 463 U.S. at 217 (quoting *Testan*, 424 U.S. at 400).

Specifically, due process and human rights claims are outside of this Court's limited jurisdiction. *See McCauley v. United States*, 38 Fed. Cl. 250, 266 (1997). Neither the Fifth nor Fourteenth Amendment's due process clause mandates payment of money damages. *Id.* The Sixth Amendment is likewise not money mandating. *Drake v. United States*, 792 F. App'x 916, 920 (Fed. Cir. 2019). Furthermore, this Court does not have jurisdiction over any claim stemming from international treaties—including the International Covenant on Civil and Political Rights, the European Convention of Human Rights, and the Universal Declaration of Human Rights—without explicit authorization by Congress. *See* 28 U.S.C. § 1502.

Claims under the Fifth Amendment's takings clause are, as a general matter, properly heard in this Court because the clause mandates payment of just compensation. *See Chi., Burlington & Quincy R.R. Co. v. City of Chicago*, 166 U.S. 226, 238–39 (1897). But to satisfy the jurisdictional requirements, Mr. Burga must make a nonfrivolous allegation that the conduct constituting the alleged taking is traceable to actions taken by the United States. *See Langenegger v. United States*, 756 F.2d 1565, 1571 (Fed. Cir. 1985) ("When considering a possible taking, *the focus is not on the acts of others, but on whether sufficient direct and substantial United States involvement exists*." (emphasis in original)); *cf. Moden v. United States*, 404 F.3d 1335, 1341 (Fed. Cir. 2005) (explaining that jurisdiction is proper under the takings clause where the plaintiffs "have a nonfrivolous takings claim" and that dismissal for lack of subject-matter jurisdiction is proper where any federal claim is insubstantial, or implausible). He has not done so because his Complaint fails to allege any federal involvement whatsoever.

Further, Mr. Burga asserts that the alleged taking derives from an "improperly obtained default judgment." ECF No. 11 at 2. A valid takings claim must "concede the validity of the government action which is the basis of the taking claim." *Tabb Lakes, Ltd. v. United States*, 10 F.3d 796, 802–03 (Fed. Cir. 1993); *see Moody v. United States*, 931 F.3d 1136, 1142 (Fed. Cir. 2019) ("A takings claim cannot be found on the theory that the United States has taken unlawful action."). Thus, even if the Court had jurisdiction, Mr. Burga fails to state a legally cognizable takings claim because he has not conceded that the underlying action was authorized. To the extent Mr. Burga challenges the propriety of the default judgment order, his only recourse is through the state appeals process.

## C.    Mr. Burga Is Not Entitled to Further Relief.

Mr. Burga also requests leave to amend his Complaint under RCFC 15(a) to clarify the nexus between the state court's actions and the federal constitutional violations, as well as the role of federal money-mandating statutes in the alleged dispute. ECF No. 11 at 3; *see* ECF No. 14-1 at 2 ("Plaintiff seeks to clarify the federal nexus (e.g., 42 U.S.C. § 1983's interplay with federal funding or treaties) . . . ."). The relief requested, however, would not change the conclusion that the Court lacks jurisdiction over Mr. Burga's claim.

Mr. Burga has failed to make a showing that the conduct he challenges here (*i.e.*, entry of the default judgment) in any way involved action by the United States. The suggested clarifications cannot overcome that fact, and the single additional source of law that Mr. Burga cites also does not establish the jurisdiction of this Court. *See Marlin v. United States*, 63 Fed. Cl. 475, 476 (2005) (finding that this Court lacks jurisdiction over § 1983 claims); *Ganaway v. United States*, 557 F. App'x 948, 949 (Fed. Cir. 2014). Therefore, granting Mr. Burga's requested relief would be futile. *See Marchena v. United States*, 128 Fed. Cl. 326, 330 (2016) ("A proposed amendment is futile if it would not survive a motion to dismiss."); *see also Foman v. Davis*, 371

9

U.S. 178, 182 (1962) (describing liberal policy allowing amendment where "the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief" in the court in which suit was filed).

Finally, Mr. Burga's Motion for a Jury Trial, *see* ECF No. 16, fails because "Congress, despite the Seventh Amendment, may dispense with a jury trial in suits brought in the Court of Claims." *Sherwood*, 312 U.S. at 587. Consistent with Supreme Court precedent, Mr. Burga is not entitled to a jury trial in this Court.

## IV.    CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss (ECF No. 9) is **GRANTED**. Mr. Burga's Motion for Leave to File a Surreply (ECF No. 14) is **GRANTED**. Mr. Burga's Motion for a Jury Trial (ECF No. 16) is **DENIED**. The Clerk is directed to enter judgment accordingly.

**SO ORDERED.**

Dated: October 7, 2025                            */s/ Kathryn C. Davis*
                                                   KATHRYN C. DAVIS
                                                   Judge